**Sandra COLLINS, Appellant,**

*v.*

**CLEME MANOR APARTMENTS,**
**Appellee.**

**No. 06–99–00152–CV.**

Court of Appeals of Texas,
Texarkana.

Submitted Dec. 11, 2000.

Decided Feb. 2, 2001.

---

Mark J. Grandich, Houston, for appellant.

Patrick D. Mahoney, Mahoney & Associates, Houston, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

GRANT, Justice.

Sandra Collins is a resident of Cleme Manor Apartments, a federally subsidized housing project regulated by the United States Housing Act of 1937 and Title 24 of the Code of Federal Regulations. In July 1999, Cleme Manor filed a Complaint for Forcible Detainer against Collins in justice court. The justice court ruled against Collins on July 21, 1999.

Collins filed her appeal with the justice court on July 26. As required by the Rules of Civil Procedure, the justice court prepared a transcript and filed the case with the county court on August 13. *See* Tex.R. Civ. P. 751. Collins mailed various discovery requests on August 17. On August 18, the county court set the trial for August 30—approximately twenty days *prior* to Cleme Manor's deadline to respond to the discovery requests. On August 20, three days prior to receiving notice of the trial setting, Collins filed her request for a jury trial. The county court denied the request. On August 24, the day after receiving notice of the trial setting, Collins filed a Motion For Continuance, and Motion to Shorten Time to Answer Discovery. The court denied this motion as well. Collins then filed with the county court her objection styled Defendant's Objection To Trial Without Jury And To Trial Without Any Opportunity To Conduct Discovery. Trial proceeded as scheduled, and the county court ruled against Collins, evicting her from the apartment she had been leasing from Cleme Manor.

Collins now appeals from the county court trial de novo. She contends (1) the trial court abused its discretion by denying her Motion For Continuance, and Motion To Shorten Time To Answer Discovery; (2) the trial court committed harmful error by denying her demand for a jury trial; (3) the evidence is legally insufficient to support the trial court's conclusion that Cleme Manor complied with Department of Housing and Urban Development (HUD) regulations by serving her with a proper notice of termination; (4) the evidence was legally insufficient to support a finding that she breached her lease; (5) if she did breach her lease, the evidence was legally insufficient to support the trial court's finding that such breach was material, because there was no evidence that the single lease violation found by the trial court amounted to "material non-compliance," as that term has been defined by HUD.

*Denial of Jury Trial*

■■■ Collins contends that the trial court committed harmful error in refusing her request for a jury trial. The Texas Constitution provides "[t]he right of trial by jury shall remain inviolate." Tex. Const. art. I, § 15. This inviolate right to a jury trial is not absolute, but rather is regulated by rules specifying its availability. *Green v. W.E. Grace Mfg. Co.*, 422 S.W.2d 723, 725 (Tex.1968). To exercise the right to a trial by jury, a civil litigant ordinarily must follow Tex.R. Civ. P. 216, which requires a party to make a written request for a jury trial and pay a jury fee within a reasonable time before the date set for trial, but not less than thirty days before the trial date. *Citizens State Bank v. Caney Invs.*, 746 S.W.2d 477, 478 (Tex. 1988). Rule 216 is found in a section of the rules applicable exclusively to district and county courts. *See* Tex.R. Civ. P., Part II: Rules of Practice in District and County Courts.

Forcible detainer proceedings, however, are governed by Rules 738 to 755 found in Part VII of the Texas Rules of Civil Procedure entitled Rules Relating to Special Proceedings. *See* Tex.R. Civ. P., Part VII: Rules Relating to Special Proceedings, Sec. 3., Forcible Entry and Detainer. Rule 744, found in this section, provides that a request for a jury trial be made on or before five days from the date the defendant is served with citation. Tex.R. Civ. P. 744.

■■■ Collins maintains that Rule 744 applies only to forcible detainer proceedings in the first instance, i.e., in the justice court, and that her jury request in the county court trial de novo is governed by Rule 216 and was timely under an exception to that rule. Cleme Manor counters that Rule 744 applies not only to the justice court trial on forcible detainer actions but also to appeals entertained by the county courts and that Collins's jury request was not timely under that rule.

To determine whether Collins's request was timely, we must decide a question of first impression: whether Rule 744 governs at the trial de novo stage in county court on appeal from a forcible detainer suit in justice court.

Rule 744 provides:

Any party shall have the right of trial by jury, by making a request to the court on or before five days from the date the defendant is served with citation .... upon such request, a jury shall be summoned *as in other cases in justice court.*

(Emphasis added.)

The plain text of the rule neither limits its application to original proceedings in the justice court, nor specifies that it shall apply through the appeal process in the county court. Indeed, the last phrase of the second sentence lends itself to two competing interpretations regarding the rule's applicability. "A jury shall be summoned as in other cases in justice court" may be interpreted to mean that the *procedures* for summoning the jury following compliance with the preceding sentence of the rule shall be the same jury-summoning procedures used in ordinary justice court cases. Read this way, Rule 744 is still essentially silent with regard to its applicability at the county court trial de novo stage. Cleme Manor would urge, however, that when read this way the rule means that if a party complies with the procedure specified therein to request a jury—whether it be in justice court or county court—then a jury shall be summoned according to jury-summoning procedures specified for ordinary *justice* court cases.

To support its construction, Cleme Manor contends that the rule's apparent silence with respect to which courts it applies speaks volumes when viewed in the light of other rules in the same section. Cleme Manor argues that the wording of Rule 744 must be contrasted with the wording of other rules in the section. Rule 744 states that a party shall have the right to trial by jury by making a request

to the *court.* TEX.R. CIV. P. 744. Some of the other rules in that section refer specifically to the *justice court. See, e.g.,* TEX.R. CIV. P. 739, 740, 742, and 743. Cleme Manor urges that a proper reading of the rule would not restrict the term "court" as used in Rule 744 to mean only the justice court. Cleme Mannor argues that because other rules in the section are expressly limited in application to the justice court, Rule 744's silence on the matter must mean that it is not similarly restricted in application.

Read this way, Rule 744's effect would be to apply to county courts conducting trials de novo of forcible detainer proceedings those procedures set out for summoning a jury in ordinary justice court proceedings. However, the rules applicable to summoning a jury in the justice court are expressly made identical to county court rules for summoning a jury. *See* TEX.R. CIV. P. 547–550. This renders the clause "as in other cases in the justice court" superfluous as applied to the county courts. That is, the same procedures would apply in county court regardless of whether this language were present. The Texas Supreme Court has held that each sentence, clause, and word of a rule or statute is to be given effect if reasonable and possible. *Perkins v. State,* 367 S.W.2d 140, 146 (Tex.1963). The interpretation urged by Cleme Manor here renders this clause superfluous. To specify that justice court procedures shall supplant county court procedures when the procedures are identical is a useless exercise.

"A jury shall be summoned as in other cases in justice court," may also be interpreted to mean that a jury is required to be summoned by the justice court upon compliance with the procedures set out in the previous sentence, just as a jury is required to be summoned upon compliance with jury request procedures in other, ordinary justice court cases. *See* TEX.R. CIV. P. 544 (setting out ordinary procedure for jury trial demand in justice court and

specifying that compliance with rule absolutely entitles party to jury trial). In other words, the rule may be interpreted to mean that although the procedure for requesting a jury in justice court forcible detainer actions differs from the procedure for requesting a jury in ordinary justice court actions, the effect of compliance with the procedure is the same as in ordinary justice court actions: a jury trial is required. Read this way, Rule 744 has no effect on proceedings in the county court trial de novo. According to this reading, Rule 216, which applies generally to practice in the county courts, would govern Collins's request for a jury trial in the county court.

In promulgating these rules, the Texas Supreme Court clearly considered the attendant danger in so greatly reducing a party's time to request a jury trial in the justice court. Rule 739 contains a procedural safeguard to the short jury request deadline: the citation issued by the justice court must inform the defendant that a five-day deadline applies. *See* TEX.R. CIV. P. 739. Had the court intended to also *reduce the period during which a timely jury request could be made in the county court*, it would presumably have similarly protected a party's rights. The absence of a similar procedural safeguard for citations issued by the *county court* on forcible detainer trials de novo is telling in this regard.

We find the best reading of Rule 744 to be that it applies strictly to justice court proceedings, with the last phrase clarifying that although there exists a different procedure for requesting a jury in justice court forcible detainer proceedings, the procedures for summoning such jury are those prescribed for ordinary justice court actions. We find that Rule 216 governs Collins's request for a jury trial in the county court.

Rule 216 provides a party shall request a jury trial a reasonable time before the date set for trial on the nonjury docket, but not less than thirty days in advance.

TEX.R. CIV. P. 216. Under this rule, only a timely request guarantees a jury trial; an untimely request leaves the matter to the court's discretion. *Martin v. Black*, 909 S.W.2d 192, 197 (Tex.App.—Houston [14th Dist.] 1995, writ denied).

■ The anomaly here is that forcible detainer defendants may occasionally be prevented from complying with Rule 216's mandate that a timely jury request be made thirty days prior to the date set for trial. This is because Rule 753 provides that a forcible detainer case may be subject to trial de novo in the county court *at any time* after the expiration of eight full days after the date the transcript of the justice court proceedings is filed with the county court. TEX.R. CIV. P. 753. And a forcible detainer trial is entitled to precedence in the county court. TEX.R. CIV. P. 751. Thus, thirty days are not guaranteed to elapse from the date a forcible detainer action is set for trial and the date of trial. Indeed, in Collins's case, only twenty-two days elapsed between the date on which the trial setting was made and the date set for trial.

Thus, while conceding that her jury request was made less than thirty days prior to the trial date, she urges this court to apply an exception to Rule 216. As the Texas Supreme Court has emphasized, the right to a jury trial is one of our most precious rights, holding "a sacred place in English and American history." *General Motors Corp. v. Gayle*, 951 S.W.2d 469, 476 (Tex.1997) (quoting *White v. White*, 108 Tex. 570, 196 S.W. 508, 512 (1917)). This court has held that restrictions placed on the right to a jury trial shall be subjected to the utmost scrutiny because denial of that right is such a grave matter. *Bell Helicopter Textron, Inc., v. Abbott*, 863 S.W.2d 139, 141 (Tex.App.—Texarkana 1993, writ denied).

The exception Collins urges that we apply is the one we applied in *Bell Helicopter*. There we held an untimely jury demand will be deemed timely when com-

pliance with Rule 216 is made impossible by failure to give proper notice as required by Rule 245, which requires a trial court to give the parties at least forty-five days' notice of a trial setting *Id.* In the present case, the county court prevented Collins from complying with Rule 216 by giving less than thirty days' notice of the nonjury setting. We recognize the rules specifying that forcible detainer actions be expedited are some evidence of the Supreme Court's intent that Rule 245 not apply in forcible detainer actions and do not address the issue of whether the county court was required to comply with Rule 245.[1] But whatever the Supreme Court's intent when promulgating expedited procedures for forcible detainer actions, it could not have been to absolutely deny a party the right to a jury trial, as has happened here.

Even if it could be said the trial court had discretion to deny the motion, the Supreme Court has held that the trial court abuses its discretion where, as here, a requested continuance would have rendered a jury request timely. *Gayle,* 951 S.W.2d at 476–77. Although the Supreme Court was careful to confine its holding to the particular facts of that case, the holding is nonetheless strong evidence of the seminal importance of the right to a jury trial in our system of justice and the lengths to which courts must go to protect that right. And even where a party does not timely pay the jury fee, the trial court abuses its discretion in denying the jury trial request if a jury trial can be had without interfering with the court's docket, delaying the trial, or injuring the opposing party. *Id.* at 476. Our Supreme Court has jealously protected the right to a jury trial, and we feel compelled to do the same in this case.

We deem Collins's request for a jury trial timely, thereby triggering the presumption that the jury demand was made within a "reasonable time." *Wittie v.*

*Skees,* 786 S.W.2d 464, 466 (Tex.App.— Houston [14th Dist.] 1990, writ denied). The record does not reflect that the granting of a jury trial would have harmed Cleme Manor, disrupted the court's docket, or impeded the ordinary handling of the court's business. The presumption has not been rebutted, and Collins's absolute right to a jury trial has been violated. *Id.*

*Denial of Motion for Continuance, and Motion to Shorten Time to Answer Discovery*

■ Collins also contends the trial court abused its discretion by denying her Motion For Continuance, and Motion to Shorten Time to Answer Discovery. In that motion, Collins attempted to expedite Cleme Manor's discovery responses and to delay the trial long enough to receive and make use of those responses.

■ Pursuant to TEX.R. CIV. P. 251, a trial court may grant a continuance on sufficient cause supported by affidavit. The granting or denial of a motion for continuance is within the sound discretion of the trial court. *Gayle,* 951 S.W.2d at 476. We reverse for abuse of discretion only if, after searching the entire record, we find the trial court's decision was clearly arbitrary and unreasonable in disregard of the party's rights. *Simon v. York Crane & Rigging Co.,* 739 S.W.2d 793, 795 (Tex.1987); *Yowell v. Piper Aircraft Corp.,* 703 S.W.2d 630, 635 (Tex.1986).

The Texas Supreme Court has commented on the importance of the discovery process to the administration of justice, saying that it makes "a trial less of a game of blind man's bluff and more a fair contest with the issues and facts disclosed to the fullest practicable extent." *State v. Lowry,* 802 S.W.2d 669, 671 (Tex.1991) (orig.proceeding) (quoting *United States v. Procter & Gamble Co.,* 356 U.S. 677, 682, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077, 1082 (1958)). It further held in *Lowry* that it is appropriate to obstruct the search for

---

1. *See* TEX.R.CIV.P. 2 ("[t]hese rules shall govern the procedure in the justice, county, and district courts ... with such exceptions as may be hereinafter stated.").

truth by denying discovery only in certain narrow circumstances, for example, when a valid privilege is asserted. *Lowry,* 802 S.W.2d at 671. Here, the county court denied Collins's motion in total disregard of her right to discovery. The result of the county court's ruling was to wholly foreclose Collins's discovery. We find this to be an abuse of the county court's discretion.

Although the Rules of Civil Procedure evidence an intent that forcible detainer actions be expedited, we do not believe it is proper to do so at the expense of a party's rights to discovery and trial by jury.

We do not find it necessary to reach Collins's other points of error. This judgment is reversed, and the cause is remanded to the trial court for a new trial.