6-96-028-CV Long Trusts v. Dowd 



















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-06-00054-CV
______________________________



IN RE:
THE UNIVERSITY OF TEXAS HEALTH CENTER AT TYLER





Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Original Mandamus Proceeding





Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Chief Justice Morriss



O P I N I O N

Â Â Â Â Â Â Â Â Â Â Â Â The University of Texas Health Center at Tyler (the Hospital) seeks a writ of mandamus
directing the Honorable Clay Gossett, presiding judge of the 4th Judicial District Court in Rusk
County, Texas, to vacate his order compelling the Hospital to produce certain pathology materials
for testing. We deny the Hospital's petition because (1) the Hospital waived its objections to the
subpoena, and (2) even without waiver, the trial court's order was not an abuse of discretion.
Â Â Â Â Â Â Â Â Â Â Â Â Allegedly, after years of smoking and being exposed to asbestos and asbestos-containing
products, J. W. Andrews developed asbestosis and eventually lung cancer. The heirs and estate of 
Andrews brought suit against more than forty defendants for wrongful death, survival, and other
causes of action. As part of the discovery effort, John Crane, Inc. (Crane), one of the defendants,
subpoenaed the Hospitalânot a named party to the Andrews lawsuitâfor production of Andrews'
lung pathology materials in its possession.
Â Â Â Â Â Â Â Â Â Â Â Â Over three months after being served with Crane's subpoena, the Hospital filed objections
to the subpoena and moved for a protective order. After holding a hearing, the trial court overruled
the objections to the subpoena,


 denied the motion for a protective order, and ordered the Hospital
to produce the materials.
Â Â Â Â Â Â Â Â Â Â Â Â The Hospital collects and retains patient pathology materials such as lung and pleura



samples. The Texas Legislature has designated the Hospital as a "primary facility" to conduct
research and develop diagnostic and treatment techniques for respiratory diseases. Tex. Educ. Code
Ann. Â§ 74.602(a) (Vernon Supp. 2005). The Hospital has also been designated a state chest hospital
for tuberculosis. See Tex. Educ. Code Ann. Â§ 74.603 (Vernon 2002).
Â Â Â Â Â Â Â Â Â Â Â Â Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion
or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. 
Cantu v. Longoria, 878 S.W.2d 131 (Tex. 1994) (orig. proceeding); Walker v. Packer, 827 S.W.2d
833, 839â40 (Tex. 1992) (orig. proceeding); In re Pilgrim's Pride Corp., 187 S.W.3d 197, 198 (Tex.
App.âTexarkana 2006, orig. proceeding). Mandamus is an extraordinary remedy that will issue
only to correct a clear abuse of discretion or, in the absence of another statutory remedy, when the
trial court fails to observe a mandatory statutory provision conferring a right or forbidding a
particular action. Abor v. Black, 695 S.W.2d 564, 567 (Tex. 1985) (orig. proceeding).



Â 
(1)Â Â Â Â Â Â Â The Hospital Waived Its Objections to the Subpoena
Â Â Â Â Â Â Â Â Â Â Â Â Crane, the real party in interest, argues the Hospital waived any objections by failing to
timely object to the subpoena. Any objections to a subpoena must be made "before the time
specified for compliance" with the subpoena. Tex. R. Civ. P. 176.6(d), (e); see Young v. Ray, 916
S.W.2d 1, 3 (Tex. App.âHouston [1st Dist.] 1995, orig. proceeding) (former rule 177a). The
Hospital Â acknowledged Â in Â its Â objections Â filed Â with Â the Â trial Â court Â that Â it Â received Â the
subpoena July 25, 2005. Compliance with the subpoena was due twenty days after it was served. 
The Hospital filed its objections November 1, 2005. Because the objections were filed after
subpoena compliance was due, and because the Hospital failed to explain or justify its three-month
delay in objecting to the subpoena, the Hospital waived its objections to the subpoena.
(2)Â Â Â Â Â Â Â Even Without Waiver, the Trial Court's Order Was Not an Abuse of Discretion
Â Â Â Â Â Â Â Â Â Â Â Â Even without the Hospital's waiver of its subpoena objections, the requested writ of
mandamus would not be available because the Hospital has failed to show that the trial court clearly
abused its discretion. There was no abuse of discretion because the trial court's production order
neither exceeds the scope of the discovery rules nor clearly places a burden on the Hospital
outweighing the benefit to be obtained from the production.
Â 
Â 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â (a)Â Â Â Â Â Â Â The Production Order Did Not Exceed the Scope of the Discovery Rules
Â Â Â Â Â Â Â Â Â Â Â Â The Hospital argues, in its first issue, that neither Rule 176.6(d) nor Rule 205 of the Texas
Rules of Civil Procedure permit custodial transfer of tangible items.


 The trial court obviously
concluded otherwise.
Â Â Â Â Â Â Â Â Â Â Â Â We review de novo the trial court's conclusions concerning the scope of the Texas Rules of
Civil Procedure. BASF Fina Petrochemicals L.P. v. H.B. Zachry Co., 168 S.W.3d 867, 871 (Tex.
App.âHouston [1st Dist.] 2004, pet. denied). "A trial court has no 'discretion' in determining what
the law is or applying the law to the facts." Huie v. DeShazo, 922 S.W.2d 920, 927â28 (Tex. 1996)
(orig. proceeding) (quoting Walker, 827 S.W.2d at 840). Therefore, an erroneous legal conclusion
by the trial court constitutes an abuse of discretion. Huie, 922 S.W.2d at 927â28. A trial court
clearly abuses its discretion when it orders the production of discovery beyond that permitted by the
Texas Rules of Civil Procedure.



Â Â Â Â Â Â Â Â Â Â Â Â Discovery from nonparties is governed by Rule 205. See Tex. R. Civ. P. 205.1. Rule 205.1
allows oral depositions, depositions on written questions, and requests for production of documents
or tangible things. See Tex. R. Civ. P. 205.1. Rule 205.3 provides for production of documents and
tangible things from a nonparty. See Tex. R. Civ. P. 205.3. Any objections to discovery under Rule
205.3 must be in accordance with Rule 176.6. Id.; see Tex. R. Civ. P. 176.6.
Â Â Â Â Â Â Â Â Â Â Â Â The Hospital argues that the production contemplated by Rule 176.6(d) is limited to
"inspection or copying of designated documents and things." That reading is too limited. Rule
176.6(d) refers to an order "to produce and permit inspection or copying of designated documents
and things." Tex. R. Civ. P. 176.6(d). The quoted language from the rule does not define
"production." Further, the Hospital's narrow interpretation would subvert explicit portions of Rule
205.3.
Â Â Â Â Â Â Â Â Â Â Â Â The plain language of Rule 205.3(b)(3) includes "testing" as one legitimate purpose of
production of an item from a nonparty. See Tex. R. Civ. P. 205.3(b)(3). Specifically, the rule
provides that a notice to produce tangible things must state "the items to be produced or inspected
by individual item or by category, describing each item and category with reasonable particularity,
and, if applicable, describing the desired testing and sampling with sufficient specificity to inform
the nonparty of the means, manner, and procedure for testing or sampling." Id. By requiring notice
of proposed testing and the manner and means of the proposed testing, the rules clearly indicate
production is available to test tangible objects beyond simple inspection.
Â Â Â Â Â Â Â Â Â Â Â Â Generally, we should interpret rules according to the plain meaning of the words in the rule. 
See City of San Antonio v. City of Boerne, 111 S.W.3d 22, 25 (Tex. 2003). When two rules govern
the same subject matter, an effort should be made to harmonize and give effect to both rules. See
Argonaut Ins. Co. v. Baker, 87 S.W.3d 526, 531 (Tex. 2002). The Hospital's proposed interpretation
would be contrary to the plain language of the rules and render certain portions of Rule 205.3
meaningless. Certainly, a party has the right to do its own testing. See Tex. R. Civ. P. 205.3(b)(3);
In re SWEPI L.P., 103 S.W.3d 578, 585 (Tex. App.âSan Antonio 2003, orig. proceeding) (testing
of hydrocarbon well).
Â Â Â Â Â Â Â Â Â Â Â Â The question really is whether that testing may be done only while the item remains in the
possession of the owner or original custodian. The rule is not so limited. Much testing would either
be impossible or extremely limited if the tangible object could be tested only in the custody of the
owner or original custodian. The rules expressly provide for production of a tangible item for
testing, and one contemplated method by which that production may be accomplished is physically
delivering possession of the item to the requesting party or that party's agent. See Gen. Motors Corp.
v. Tanner, 892 S.W.2d 862, 863 (Tex. 1995) (orig. proceeding) (per curiam) (granting mandamus
to compel party to deliver car seat, apparently into another party's custody, for testing by allowing
requesting party to make model of item for subsequent examination using scanning electron
microscope); Gen. Elec. Co. v. Salinas, 861 S.W.2d 20, 23â24 (Tex. App.âCorpus Christi 1993,
no writ) (error to deny motion to deliver possession of allegedly defective product for testing); see
also Axelson, Inc. v. McIlhany, 798 S.W.2d 550, 556 (Tex. 1990) ("produce" to court means deliver
to court's possession). Because the production rules are broad enough to include transfer of
possession of a tangible item for the purpose of testing it, the trial court's order does not exceed the
scope of the Texas Rules of Civil Procedure.
Â Â Â Â Â Â Â Â Â Â Â Â (b)Â Â Â Â Â Â Â The Trial Court Balanced the Benefits and Burdens Within Its Discretion
Â Â Â Â Â Â Â Â Â Â Â Â In its second issue, the Hospital argues the trial court imposed an undue burden on the
Hospital by ordering the production of the pathology materials. We find no abuse of discretion in
the trial court's allocation of burdens and benefits.
Â Â Â Â Â Â Â Â Â Â Â Â The scope of discovery is broadÂextending to "any matter that is not privileged and is
relevant to the subject matter of the pending action . . . ." Tex. R. Civ. P. 192.3(a). Further, "only
in certain narrow circumstances is it appropriate to obstruct the search for truth by denying
discovery." State v. Lowry, 802 S.W.2d 669, 671 (Tex. 1991) (orig. proceeding); Collins v. Cleme
Manor Apartments, 37 S.W.3d 527, 532â33 (Tex. App.âTexarkana 2001, no pet.).
Â Â Â Â Â Â Â Â Â Â Â Â With respect to the resolution of factual issues or matters committed to the trial court's
discretion, the reviewing court may not substitute its judgment for the trial court. Brady v.
Fourteenth Court of Appeals, 795 S.W.2d 712, 714 (Tex. 1990) (orig. proceeding); Walker, 827
S.W.2d at 839â40. The relator must establish that the trial court could reasonably have reached only
one decision. Walker, 827 S.W.2d at 840. "An abuse of discretion does not exist if the trial court
bases its decision on conflicting evidence and some evidence reasonably supports the trial court's
decision." CSR Ltd. v. Link, 925 S.W.2d 591, 600 (Tex. 1996) (orig. proceeding).
Â Â Â Â Â Â Â Â Â Â Â Â A trial court abuses its discretion if it compels discovery which imposes a burden on the
producing party far out of proportion to any benefit to the requesting party. In re AIU Ins. Co., 148
S.W.3d 109, 116â17 (Tex. 2004) (orig. proceeding); Walker, 827 S.W.2d at 843. Rule 192.4 of the
Texas Rules of Civil Procedure provides as follows:
The discovery methods permitted by these rules should be limited by the court if it
determines, on motion or on its own initiative and on reasonable notice, that:
Â 
(a) the discovery sought is unreasonably cumulative or duplicative, or is
obtainable from some other source that is more convenient, less burdensome, or less
expensive; or
(b) the burden or expense of the proposed discovery outweighs its likely
benefit, taking into account the needs of the case, the amount in controversy, the
parties' resources, the importance of the issues at stake in the litigation, and the
importance of the proposed discovery in resolving the issues.

Tex. R. Civ. P. 192.4. The rules encourage "trial courts to limit discovery when 'the burden or
expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the
case, the amount in controversy, the parties' resources, the importance of the issues at stake in the
litigation, and the importance of the proposed discovery in resolving the issues.'" In re Alford
Chevrolet-Geo, 997 S.W.2d 173, 181 (Tex. 1999) (orig. proceeding).
Â Â Â Â Â Â Â Â Â Â Â Â The Hospital argues it has a responsibility, as a research hospital, to preserve and protect
pathology materials collected from patients. According to the Hospital, these materials must be
readily accessible for researchers, stored in a manner which ensures the integrity of the material, and
handled properly. Removal of tissue from the Hospital for testing risks complete loss of the tissue
or loss or damage of the tissue through improper handling, such as breaking of glass slides or melting
of paraffin blocks, thus jeopardizing the material's value for research.
Â Â Â Â Â Â Â Â Â Â Â Â Seeking to preserve the pathology materials in its possession, the Hospital has adopted a
policy for responding to and accommodating requests for testing of pathology materials by allowing
only on-site examination of slides or, on request, by Hospital laboratory personnel cutting additional
sections from specimen blocks and making those new sections available to the requesting party. The
Hospital alleges other litigants have successfully used this procedure and believes this policy
balances the needs of its research with the needs of litigants. 
Â Â Â Â Â Â Â Â Â Â Â Â The Hospital does not claim or demonstrate that Andrews' tissue samples have unique value
to its research, but claims only that they are part of its sample collection. Further, the Hospital has
had the tissue available for study, we presume, since 2001, the year of Andrews' death. On the other
hand, the materials have specific, unique value to the parties to the lawsuit. In fact, they are of vital
importance to the parties' underlying litigation. Without access to the pathology materials, the real
party in interest would have difficulty performing the tests necessary to prepare its defense. Both
sides in the personal injury litigation have an apparent special need to access the materials, since the
Andrews materials may very well be the most important evidence available to them.
Â Â Â Â Â Â Â Â Â Â Â Â The trial court was presented with evidence that the Hospital's procedure may not meet the
needs Â of Â the Â litigants.


 Â During Â the Â hearing, Â both Â Russell Â Brown, Â counsel Â for Â the Â plaintiff, and
Scott C. Skelton, counsel for Crane, testified that many of the experts for both the defense and the
plaintiff's side are "from all over this nation" and that inspection at the Hospital would not be cost-effective. Further, at least some of the tests the parties desire to perform on the materials could not
be performed under the Hospital's policy. The attorneys also testified that the samples are shipped
by reliable shippers and care is taken to follow any protocol requested by the Hospital concerning
proper handling of the material.
Â Â Â Â Â Â Â Â Â Â Â Â The trial court has acted to protect the pathology materials. The trial court's order should be
read in conjunction with the agreed discovery order of February 2, 2004. The agreed discovery
orderâagreed between the parties to the litigation, not the Hospitalâprovides a protocol for testing
of all pathology materials in the case and provides protections to the parties as well as the Hospital
for preservation of the same. The agreed order provides:
In the event it appears that insufficient pathology material is available, the Court will
conduct further hearings to determine how testing shall proceed. If destructive
testing shall destroy all, or effectively all, of the pathology material, no testing shall
take place without further order of this court.

The agreed order provides a mechanism for the Hospital to protect its interest in the sample. The
Hospital has neither requested modification of the agreed order, nor shown that the proposed
analyses are inappropriate.
Â Â Â Â Â Â Â Â Â Â Â Â The pathology materials are critically important to the parties, and the Hospital failed to show
that the trial court clearly abused its discretion. We recognize that multiple parties have interests in
the pathology material in dispute. Although the Hospital clearly has an interest in preserving its
samples' integrity for research and maximizing the access researchers have to its samples, the parties
have a vital interest in being able to properly and completely analyze the Andrews samples to
adequately prepare for the pending litigation. There is sufficient evidence to support the trial court's
decision. We cannot say the trial court clearly abused its discretion in balancing these interests and
in resolving the conflicting evidence. The trial court did not abuse its discretion in concluding the
burden on the Hospital did not outweigh the benefit to the parties.
Â Â Â Â Â Â Â Â Â Â Â Â For the reasons stated, we deny the Hospital's petition for writ of mandamus.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Josh R. Morriss, III
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â July 18, 2006
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â July 19, 2006



pan style='mso-tab-count:6'>   Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  October
28, 2010

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  October
29, 2010

Â 











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.Â  See Tex. Gov't Code Ann. Â§Â 73.001
(Vernon 2005).Â