

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00293-CV

MARK A. CANTU                                                                 APPELLANT

V.

FEDERAL NATIONAL MORTGAGE                                   APPELLEE
ASSOCIATION, A/K/A FANNIE MAE

----------

## FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

Appellant Mark A. Cantu appeals from the trial court's judgment in favor of Appellee Federal National Mortgage Association, a/k/a Fannie Mae, in the underlying forcible detainer suit. In three issues, Cantu argues that his right to trial by jury was violated when the trial court did not honor his jury demand filed

---

[1]See Tex. R. App. P. 47.4.

the day before trial, that the trial court abused its discretion by denying his motion for continuance, and that the trial court erred by awarding attorney's fees. We will affirm.

## II. PROCEDURAL BACKGROUND[2]

Fannie Mae filed suit against Cantu in the justice court for forcible detainer related to the property at 925 Southview Trail, Southlake, Texas. The justice court signed a judgment on December 21, 2010, awarding possession of the property to Fannie Mae. The justice court transcript was filed in the county court at law on January 4, 2011.

On January 12, 2011, Cantu filed a pro se written answer. Seven days later, the county court at law set the case for trial on the February 15, 2011 nonjury docket. On January 31, 2011, Cantu's counsel filed a notice of appearance. On February 14, 2011, at 4:24 p.m., the day before trial and over a month after he had filed his pro se answer, Cantu filed his demand for jury trial, along with a motion for continuance requesting that the case be continued for forty-five days so that his jury demand would be timely. No rulings on Cantu's demand for jury trial or motion for continuance appear in the record, but it appears that the county court at law implicitly denied them because it proceeded with the bench trial on February 15, 2011.

---

[2]Because Cantu does not challenge the legal or factual sufficiency of the evidence to support the judgment and because the appellate record contains no reporter's record, we set forth only the procedural background.

After considering the pleadings, the arguments of counsel, and "the receipt of good and sufficient evidence," the county court at law ordered that Fannie Mae recover possession of the property from Cantu as of March 8, 2011; awarded Fannie Mae reasonable attorney's fees in the amount of $1,000 for the proceeding, as well as amounts for subsequent appeals; awarded Fannie Mae all costs of court; and set the supersedeas bond amount at $32,000.

### III. Jury Demand Untimely

In his first issue, Cantu argues that his right to trial by jury was violated. Fannie Mae responds that when a matter has been set for trial and when an appellant has had ample time to request a jury trial, to request a jury trial on the eve of a scheduled trial is not reasonable.

Texas Rule of Civil Procedure 216(a) provides that "[n]o jury trial shall be had in any civil suit, unless a written request for a jury trial is filed with the clerk of the court a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance." Tex. R. Civ. P. 216(a). Texas Rule of Civil Procedure 744, specifically applicable to forcible entry and detainer suits in justice of the peace courts, provides that "[a]ny party shall have the right of trial by jury, by making a request to the court on or before five days from the date the defendant is served with citation." Tex. R. Civ. P. 744. Texas Rule of Civil Procedure 751 requires the county court to give precedence to forcible entry and detainer suits. Tex. R. Civ. P. 751.

3

We need not decide which rule of civil procedure controls the time within which Cantu was required to file his jury demand; his jury demand, filed at 4:24 p.m. the day before the scheduled nonjury trial was untimely under either rule. As set forth above, the February 15 bench trial occurred more than thirty days after the case was filed in the county court at law, and Cantu was provided twenty-seven days' notice of the nonjury trial setting. Cantu waited, however, until the eve of trial—thirty-three days after filing his answer—to file his demand for a jury trial. Based on these facts—that (1) Cantu filed an answer thirty-four days before trial, (2) Cantu waited until thirty-six minutes before the clerk's office closed on the eve of trial to file his demand for a jury trial, and (3) forcible detainer proceedings are entitled to precedence in the county court—we cannot conclude that the county court at law abused its discretion by denying Cantu's untimely jury demand. *See Brown v. Apex Realty*, 349 S.W.3d 162, 166 (Tex. App.—Dallas 2011, pet. filed) (holding that county court at law did not abuse its discretion when it denied request for a jury trial because request was filed at 3:50 p.m. on day before trial); *Rollins-El v. Tex. Dep't of Family & Protective Servs.*, No. 03-07-00010-CV, 2008 WL 1990299, at *4 (Tex. App.—Austin May 9, 2008, no pet.) (mem. op.) (holding that trial court did not abuse its discretion by denying request for jury trial in a parental rights termination case because it was neither made nor completed a reasonable amount of time before trial given the statutory timetables; the appellant had requested a jury trial twenty-one days after filing notice of appeal, knowing that case would have to be heard within thirty days); *cf.*

4

*Collins v. Cleme Manor Apartments*, 37 S.W.3d 527, 531 (Tex. App.—Texarkana 2001, no pet.) (holding that rule 216's "reasonable time" standard governs a request for a jury trial in the county court and deeming timely a request filed ten days before trial). Because Cantu's jury demand was untimely, the trial court did not violate his right to trial by jury by denying it. We overrule Cantu's first issue.

## IV. PARTIAL RECORD DOES NOT SUPPORT THAT TRIAL COURT ABUSED ITS DISCRETION BY DENYING MOTION FOR CONTINUANCE

In his second issue, Cantu argues that the trial court abused its discretion by denying his motion for continuance. Fannie Mae points out that Cantu did not provide a reporter's record on appeal, did not attempt to designate a partial reporter's record, and did not establish entitlement to appeal without paying for the reporter's record.

Under the current appellate rules, a party who properly designates certain portions of the reporter's record may appeal without a complete record, and the appellate court must presume the incomplete record is complete for purposes of the appeal. *See* Tex. R. App. P. 34.6(c)(4). However, strict compliance with rule 34.6(c) is necessary to activate the presumption that the omitted portions of the record are irrelevant. *CMM Grain Co. v. Ozgunduz*, 991 S.W.2d 437, 439–40 (Tex. App.—Fort Worth 1999, no pet.); *see Christiansen v. Prezelski*, 782 S.W.2d 842, 843–44 (Tex. 1990) (discussing necessity of strict compliance with former rule 53(d)). Likewise, under the rules of appellate procedure, a party who cannot pay the costs in an appellate court may proceed without advance payment of

5

costs if the party files an affidavit of indigence in compliance with the rules and meets other requirements. Tex. R. App. P. 20.1(a)(2).

Because Cantu did not file a reporter's record on appeal, did not comply with the partial reporter's record provisions of rule 34.6(c), and did not comply with the requirements to proceed on appeal without the payment of costs, we must presume the omitted reporter's record supports the judgment. *See* Tex. R. App. P. 34.6(c)(1), (4); *Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex. 1991); *$4,310 in U.S. Currency v. State*, 133 S.W.3d 828, 829–30 (Tex. App.—Dallas 2004, no pet.). *But see Gen. Motors Corp. v. Gayle*, 951 S.W.2d 469, 476–77 (Tex. 1997) (holding, "[u]nder the unique facts of this case," motion for continuance should have been granted to allow jury request and fee to become timely). We therefore hold that the trial court did not abuse its discretion by denying Cantu's motion for continuance. We overrule Cantu's second issue.

## V. TRIAL COURT DID NOT ABUSE ITS DISCRETION BY AWARDING ATTORNEY'S FEES

In his third issue, Cantu argues that the trial court abused its discretion by awarding attorney's fees that were not requested in the original petition. As stated above, because Cantu neither filed a complete record on appeal nor complied with the partial reporter's record provisions of rule 34.6, we must presume the omitted reporter's record supports the judgment. *See* Tex. R. App. P. 34.6(c)(1); *Schafer*, 813 S.W.2d at 155; *see also* Tex. R. Civ. P. 67 (explaining that failure to amend pleadings after issue has been tried by consent "shall not affect the result of the trial of these issues"). We therefore cannot say that the

6

trial court abused its discretion by awarding Fannie Mae attorney's fees following the bench trial. *See Davis v. Kaufman County*, 195 S.W.3d 847, 851 (Tex. App.—Dallas 2006, no pet.) (holding that challenge to sufficiency of evidence to support attorney's fees failed because appellant failed to follow 34.6(c)(1) and therefore appellate court was required to apply presumption that omitted portions of record supported trial court's judgment); *Tull v. Tull*, 159 S.W.3d 758, 761 (Tex. App.—Dallas 2005, no pet.) (holding that because appellant did not file a complete record on appeal or comply with the provisions of rule 34.6(c) regarding a partial reporter's record, appellate court presumed that omitted exhibit supported trial court's award of attorney's fees). We overrule Cantu's third issue.

## VI. CONCLUSION

Having overruled Cantu's three issues, we affirm the trial court's judgment.


SUE WALKER
JUSTICE

PANEL: LIVINGSTON, C.J.; WALKER and GABRIEL, JJ.

DELIVERED: March 22, 2012

7