02-11-293-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00293-CV

 

 


 
 
 Mark A. Cantu
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Federal National Mortgage Association, a/k/a Fannie
 Mae
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

 

FROM County
Court at Law No. 1 OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

I.  Introduction

          Appellant
Mark A. Cantu appeals from the trial court’s judgment in favor of Appellee
Federal National Mortgage Association, a/k/a Fannie Mae, in the underlying
forcible detainer suit.  In three issues, Cantu argues that his right to trial
by jury was violated when the trial court did not honor his jury demand filed
the day before trial, that the trial court abused its discretion by denying his
motion for continuance, and that the trial court erred by awarding attorney’s
fees.  We will affirm.

II.  Procedural Background[2]

          Fannie
Mae filed suit against Cantu in the justice court for forcible detainer related
to the property at 925 Southview Trail, Southlake, Texas.  The justice court signed
a judgment on December 21, 2010, awarding possession of the property to Fannie
Mae.  The justice court transcript was filed in the county court at law on
January 4, 2011. 

          On
January 12, 2011, Cantu filed a pro se written answer.  Seven days later, the
county court at law set the case for trial on the February 15, 2011 nonjury
docket.  On January 31, 2011, Cantu’s counsel filed a notice of appearance.  On
February 14, 2011, at 4:24 p.m., the day before trial and over a month after he
had filed his pro se answer, Cantu filed his demand for jury trial, along with
a motion for continuance requesting that the case be continued for forty-five
days so that his jury demand would be timely.  No rulings on Cantu’s demand for
jury trial or motion for continuance appear in the record, but it appears that the
county court at law implicitly denied them because it proceeded with the bench
trial on February 15, 2011.

          After
considering the pleadings, the arguments of counsel, and “the receipt of good
and sufficient evidence,” the county court at law ordered that Fannie Mae
recover possession of the property from Cantu as of March 8, 2011; awarded
Fannie Mae reasonable attorney’s fees in the amount of $1,000 for the
proceeding, as well as amounts for subsequent appeals; awarded Fannie Mae all
costs of court; and set the supersedeas bond amount at $32,000.

III.  Jury Demand Untimely

          In
his first issue, Cantu argues that his right to trial by jury was violated.  Fannie
Mae responds that when a matter has been set for trial and when an appellant has
had ample time to request a jury trial, to request a jury trial on the eve of a
scheduled trial is not reasonable.

          Texas
Rule of Civil Procedure 216(a) provides that “[n]o jury trial shall be had in
any civil suit, unless a written request for a jury trial is filed with the
clerk of the court a reasonable time before the date set for trial of the cause
on the non-jury docket, but not less than thirty days in advance.”  Tex. R.
Civ. P. 216(a).  Texas Rule of Civil Procedure 744, specifically applicable to
forcible entry and detainer suits in justice of the peace courts, provides that
“[a]ny party shall have the right of trial by jury, by making a request to the
court on or before five days from the date the defendant is served with
citation.”  Tex. R. Civ. P. 744.  Texas Rule of Civil Procedure 751 requires
the county court to give precedence to forcible entry and detainer suits.  Tex.
R. Civ. P. 751.

          We
need not decide which rule of civil procedure controls the time within which
Cantu was required to file his jury demand; his jury demand, filed at 4:24 p.m.
the day before the scheduled nonjury trial was untimely under either rule.  As
set forth above, the February 15 bench trial occurred more than thirty days
after the case was filed in the county court at law, and Cantu was provided twenty-seven
days’ notice of the nonjury trial setting.  Cantu waited, however, until the
eve of trial—thirty-three days after filing his answer—to file his demand for a
jury trial.  Based on these facts—that (1) Cantu filed an answer thirty-four
days before trial, (2) Cantu waited until thirty-six minutes before the clerk’s
office closed on the eve of trial to file his demand for a jury trial, and (3)
forcible detainer proceedings are entitled to precedence in the county court—we
cannot conclude that the county court at law abused its discretion by denying
Cantu’s untimely jury demand.  See Brown v. Apex Realty, 349 S.W.3d 162,
166 (Tex. App.—Dallas 2011, pet. filed) (holding that county court at law did
not abuse its discretion when it denied request for a jury trial because
request was filed at 3:50 p.m. on day before trial); Rollins-El v. Tex.
Dep’t of Family & Protective Servs., No. 03-07-00010-CV, 2008 WL
1990299, at *4 (Tex. App.—Austin May 9, 2008, no pet.) (mem. op.) (holding that
trial court did not abuse its discretion by denying request for jury trial in a
parental rights termination case because it was neither made nor completed a
reasonable amount of time before trial given the statutory timetables; the appellant
had requested a jury trial twenty-one days after filing notice of appeal,
knowing that case would have to be heard within thirty days); cf. Collins v.
Cleme Manor Apartments, 37 S.W.3d 527, 531 (Tex. App.—Texarkana 2001, no
pet.) (holding that rule 216’s “reasonable time” standard governs a request for
a jury trial in the county court and deeming timely a request filed ten days
before trial).  Because Cantu’s jury demand was untimely, the trial court did
not violate his right to trial by jury by denying it.  We overrule Cantu’s
first issue.

IV. 
Partial Record
Does Not
Support that
Trial Court
Abused Its
Discretion by
Denying Motion
for Continuance

          In
his second issue, Cantu argues that the trial court abused its discretion by
denying his motion for continuance.  Fannie Mae points out that Cantu did not
provide a reporter’s record on appeal, did not attempt to designate a partial
reporter’s record, and did not establish entitlement to appeal without paying
for the reporter’s record.

          Under
the current appellate rules, a party who properly designates certain portions
of the reporter’s record may appeal without a complete record, and the
appellate court must presume the incomplete record is complete for purposes of
the appeal.  See Tex. R. App. P. 34.6(c)(4).  However, strict compliance
with rule 34.6(c) is necessary to activate the presumption that the omitted
portions of the record are irrelevant.  CMM Grain Co. v. Ozgunduz, 991
S.W.2d 437, 439–40 (Tex. App.—Fort Worth 1999, no pet.); see Christiansen v.
Prezelski, 782 S.W.2d 842, 843–44 (Tex. 1990) (discussing necessity of
strict compliance with former rule 53(d)).        Likewise, under the rules of
appellate procedure, a party who cannot pay the costs in an appellate court may
proceed without advance payment of costs if the party files an affidavit of
indigence in compliance with the rules and meets other requirements.  Tex. R.
App. P. 20.1(a)(2).

Because
Cantu did not file a reporter’s record on appeal, did not comply with the
partial reporter’s record provisions of rule 34.6(c), and did not comply with
the requirements to proceed on appeal without the payment of costs, we must
presume the omitted reporter’s record supports the judgment.  See Tex.
R. App. P. 34.6(c)(1), (4); Schafer v. Conner, 813 S.W.2d 154, 155 (Tex.
1991); $4,310 in U.S. Currency v. State, 133 S.W.3d 828, 829–30 (Tex.
App.—Dallas 2004, no pet.).  But see Gen. Motors Corp. v. Gayle, 951
S.W.2d 469, 476–77 (Tex. 1997) (holding, “[u]nder the unique facts of this
case,” motion for continuance should have been granted to allow jury request
and fee to become timely).  We therefore hold that the trial court did not
abuse its discretion by denying Cantu’s motion for continuance.  We overrule
Cantu’s second issue.

V.  Trial Court Did Not Abuse Its Discretion by Awarding Attorney’s Fees

          In
his third issue, Cantu argues that the trial court abused its discretion by awarding
attorney’s fees that were not requested in the original petition.  As stated
above, because Cantu neither filed a complete record on appeal nor complied
with the partial reporter’s record provisions of rule 34.6, we must presume the
omitted reporter’s record supports the judgment.  See Tex. R. App. P.
34.6(c)(1); Schafer, 813 S.W.2d at 155; see also Tex. R. Civ. P.
67 (explaining that failure to amend pleadings after issue has been tried by
consent “shall not affect the result of the trial of these issues”).  We
therefore cannot say that the trial court abused its discretion by awarding
Fannie Mae attorney’s fees following the bench trial.  See Davis v. Kaufman County,
195 S.W.3d 847, 851 (Tex. App.—Dallas 2006, no pet.) (holding that challenge to
sufficiency of evidence to support attorney’s fees failed because appellant
failed to follow 34.6(c)(1) and therefore appellate court was required to apply
presumption that omitted portions of record supported trial court’s judgment); Tull
v. Tull, 159 S.W.3d 758, 761 (Tex. App.—Dallas 2005, no pet.) (holding that
because appellant did not file a complete record on appeal or comply with the
provisions of rule 34.6(c) regarding a partial reporter’s record, appellate court
presumed that omitted exhibit supported trial court’s award of attorney’s
fees).  We overrule Cantu’s third issue.

VI.  Conclusion

          Having
overruled Cantu’s three issues, we affirm the trial court’s judgment.

 

 

SUE WALKER
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; WALKER and GABRIEL, JJ.

 

DELIVERED:  March 22, 2012 









[1]See Tex. R. App. P. 47.4.





[2]Because Cantu does not
challenge the legal or factual sufficiency of the evidence to support the
judgment and because the appellate record contains no reporter’s record, we set
forth only the procedural background.